**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| ING BANK N.V., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. |
| M/V TEMARA, IMO No. 9333929, | | 1:15-cv-01488-JKB |
| her engines, tackle, equipment, | * | |
| furniture, appurtenances, etc., in rem | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ANSWER TO VERIFIED COMPLAINT OF ING BANK N.V.

Cimpship Transportes Maritimos, S.A. ("Cimpship"), owner of M/V TEMARA (the "Vessel" or "Defendant"), having filed a Statement of Interest in this action (Dkt. 21), by and through its attorneys, makes a Restricted Appearance pursuant to Supplemental Admiralty Rule E(8) and answers the Verified Complaint filed by ING Bank N.V. ("ING" or "Plaintiff") as follows:

1. The allegations contained in paragraph 1 state conclusions of law that require no response.

2. The allegations contained in paragraph 2 state conclusions of law that require no response.

3. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 3.

4. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 4.

5. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 5.

6. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 6.

7. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 7.

8. Defendant denies the allegations contained in numbered paragraph 8, except Defendant admits that the TEMARA is owned by Cimpship Transportes Maritimos, S.A. ("Cimpship"), operated by Ership SAU ("Ership"), and at the time of the provision of bunkers subject to this dispute was chartered by Copenship Bulkers A/S ("Copenship").

9. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 9, except Defendant admits that a Sales Order Confirmation reflects a purported contract between Copenship Bunkers A/S ("Copenship") and O.W. Bunker & Trading A/S ("O.W. Bunker").

10. Defendant admits the allegations contained in numbered paragraph 10.

11. The allegations contained in paragraph 11 state conclusions of law that require no response. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 11.

12. The allegations contained in paragraph 12 state conclusions of law that require no response. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 12.

13. The allegations contained in paragraph 13 state conclusions of law that require no response. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 13.

14. The allegations contained in paragraph 14 state conclusions of law that require no response. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 14.

15. The allegations contained in paragraph 15 state conclusions of law that require no response. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 15.

16. Defendant admits the allegations contained in numbered paragraph 16, except Defendant denies that Cimpship ever received a Confirmation for the delivery of bunkers, as Owner of and on behalf of the Vessel.

17. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 17, except Defendant admits that a bunker delivery receipt reflects the delivery of 395.346 metric tons of Fueloil 380-CST 3.5% marine bunkers.

18. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 18, and Defendant denies that Cimpship ever received an invoice as Owner of or on behalf of the Vessel.

19. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 19 except to state that Plaintiff does not have an *in rem* maritime lien lien claim against the Vessel for contractual interest associated with its agreement with Copenship.

20. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 20 except to state that Plaintiff does not have an *in rem* maritime lien claim against the Vessel for attorney's fees and costs associated with its contractual agreement with Copenship.

21. Defendant denies the allegations contained in numbered paragraph 21.

22. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in numbered paragraph 22, except Defendant admits that the Vessel is now within the District.

23. The allegations contained in paragraph 23 state conclusions of law that require no response. To the extent a response is required, Defendant denies that ING has an *in rem* maritime claim against the Vessel pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for any alleged amounts owed for interest, administrative fees and attorney's fees.

24. The allegations contained in paragraph 24 are an agreement by ING to indemnify, that requires no response by Defendant.

## FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not joined entities whose participation are necessary and indispensable to the resolution of its claim under Rule 19 of the Federal Rules of Civil Procedure, namely, O.W. Bunker USA Inc. and/or Copenship Bulkers A/S.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has no right to the recovery of its interest, administrative fees, costs, or attorneys' fees in an *in rem* action against the Vessel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not have a valid maritime lien upon the M/V TEMARA as required by the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Cimpship did not receive compensation for the use of the Vessel during the time the bunkers were consumed, the Vessel did not obtain any benefit from the provision of fuel to the Vessel.

### SIXTH AFFIRMATIVE DEFENSE

Because the bunkers were provided outside the United States, any alleged maritime lien is primed by the Vessel's mortgage.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's primary remedy rests solely against its contractual party and it must exhaust efforts to recover from the contractual party, Copenship Bulkers A/S.

### EIGHTH AFFIRMATIVE DEFENSE

Where Plaintiff did not pay the physical supplier, Intervening Plaintiff CEPSA, and/or necessary party O.W. USA Inc., the doctrine of unclean hands and the constitutional prohibition against Defendant's double liability for a single fuel delivery prevent Plaintiff's recovery here.

NINTH AFFIRMATIVE DEFENSE

This Answer is made without waiver of any jurisdictional defense or rights to arbitrate or proceed in another forum that may exist pursuant to any agreement which may exist between the parties and/or is otherwise applicable to the claims and disputes herein.

**WHEREFORE**, Cimpship Transportes Maritimos, S.A., on behalf of the Defendant Vessel, respectfully prays that this Court:

1. Vacate the arrest of the Defendant Vessel M/V TEMARA *in rem* and dismiss this action with prejudice;

2. Order the United States Marshal or substitute custodian to release the Vessel from arrest or attachment;

3. Award Cimpship Transportes Maritimos, S.A. its costs and attorneys' fees in this action; and

4. Award Cimpship Transportes Maritimos, S.A. such other and further relief which this Court may deem just and proper.

OBER, KALER, GRIMES & SHRIVER,
A Professional Corporation

By:  /s/
Geoffrey S. Tobias, Trial Bar No. 00301
Jack R. Daley, Trial Bar No. 29187
100 Light Street
Baltimore, MD 21202
(410) 685-1120

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERITFY that on this 18th day of June, 2015, a copy of the foregoing Answer to Verified Complaint of ING Bank N.V. was served on all counsel of record by CM-ECF filing.

/s/
Geoffrey S. Tobias

#2934723