# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ING BANK N.V.,

    Plaintiff

v.                          CIVIL NO. JKB-15-1488

M/V TEMARA, IMO No. 9333929,

    Defendant

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff ING Bank's Motion Raising Objection to Intervening Plaintiff's Failure to Join Real Party in Interest and Contingent Motion for Summary Judgment Dismissing Intervening Verified Complaint. (ECF No. 61.) Intervenor Plaintiff CEPSA Panama has responded by filing CEPSA International B.V.'s ratification of the Intervening Verified Complaint, pursuant to Federal Rule of Civil Procedure 17(a)(3). (ECF No. 62.) ING Bank has not replied. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). The motion will be denied.

"An action must be prosecuted in the name of the real party in interest." Rule 17(a)(1). According to Rule 17(a)(3),

> [t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The question of the real party in interest as to the Intervening Verified Complaint centers upon an invoice issued by CEPSA Panama, S.A., to O.W. Bunker USA Inc. for the fuel supplied

by CEPSA Panama to the M/V Temara in Balboa, Panama. At the bottom of the invoice is printed the following language:

> The payment of this invoice, so as to release the payer from his obligations, shall be mad [*sic*] directly to CEPSA INTERNATIONAL B.V. to whom we have transferred the credit and, consequently, now replace us in terms of collections rights, withim [*sic*] the framework or [*sic*] a factoring relationship.

(Pl.'s Mot. Ex. 1, ECF No. 61-1.) Thus, from this language, one may deduce that CEPSA International, B.V., stands in the shoes of CEPSA Panama and that the latter no longer has a right to attempt collection of the outstanding debt, while CEPSA International does have that right, to the extent such a right exists. As a result, the Court concludes the real party in interest in the Intervening Verified Complaint is CEPSA International.

Following the procedure allowed in Rule 17(a)(3), CEPSA International has ratified this action by the affidavit of appropriate representatives of the company. (Int. Pl.'s Ratification, ECF No. 62.) Consequently, the action will proceed as if the Intervening Verified Complaint had been originally commenced by CEPSA International, B.V.

Accordingly, IT IS HEREBY ORDERED that ING Bank's motion (ECF No. 61) IS DENIED and that the Clerk SHALL AMEND the docket to reflect that the Intervenor Plaintiff is properly identified as CEPSA International, B.V.

DATED this 20th day of November, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge